IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-557-FL

| | |
|---|---|
| RENWICK L. TART, )<br>)<br>Plaintiff, )<br>) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| JULIA TART, ) | |
| ) | |
| Defendant. ) | |

This *pro se* case is before the court on the motion to proceed *in forma pauperis* [DE-1] under 28 U.S.C. § 1915(a)(2) by Renwick L. Tart ("Plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons set forth below, this court RECOMMENDS that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

### I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary

financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

As part of its review, a court may consider whether it has subject matter jurisdiction of the case. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09-CV-551-D, 2010 U.S. Dist. LEXIS 50264, at *8, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint on basis of lack of subject matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915) (citations omitted). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is

demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court, here Plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

## II. ANALYSIS

Federal subject matter jurisdiction is limited to actions in which the claim asserted by plaintiff raises a federal question or in which there is diversity of citizenship between plaintiff and defendant. 28 U.S.C. §§ 1331, 1332. Federal question subject matter jurisdiction exists where plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires plaintiff to demonstrate that none of the defendants holds citizenship in the same state as plaintiff, and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

In the present case, Plaintiff, a North Carolina resident, brings suit against another North Carolina resident, in particular, his spouse. Plaintiff has alleged "slander of spouse" as the <u>sole</u> basis for the court's jurisdiction. Plaintiff's factual basis for his suit is as follows: "A facebook defamation of character attempt by defendant. Claims husband lost 'empire' for a 5th of liquor on one evening. And claims such actions occured [sic] over a period of time. All false statements." It is clear from these allegations, sparse as they may be, that Plaintiff asserts <u>only</u> a cause of action for defamation, in particular, a claim of slander. Slander is a claim arising under state tort law, *see Boyce & Isley, PLLC v. Cooper*, 153 N. C. App. 25, 29-30, 568 S.E.2d 893,

898 (2002), *rev. denied*, 357 N.C. 163, 580 S.E.2d 361 (2003). Plaintiff's allegations raise neither a federal question nor are the parties to the case diverse. Because there is no conceivable basis for federal subject matter jurisdiction over Plaintiff's complaint, this court recommends the complaint be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 10th day of December, 2010.

Robert B. Jones, Jr.
United States Magistrate Judge